BOUDENS ET AL. v. KÖRBER ET AL.

APPEAL from the District Court of Humacao.

No. 786.—Decided April 12, 1912.

UNAPPEALABLE ORDERS—INJUNCTION—CANCELLATION OF SURETY BOND.—An order declaring canceled a surety bond furnished to secure a restraining order and suspending the restraining order until another bond shall have been furnished is not appealable, and this court has no jurisdiction to decide the appeal taken therefrom.

INJUNCTION—RESTRAINING ORDER—CAUTION TO BE USED IN GRANTING.—Although a restraining order continues only during the short time intervening until the court grants or denies a temporary or perpetual injunction, such restraining orders should be made by the courts with great caution, and it does not seem proper therefore that they should be granted where the acts sought to be restrained or prohibited were being performed during a considerable time prior thereto.

The facts are stated in the opinion.

*Messrs. López Landrón, Rincón* and *Francis* for appellants.

*Messrs. Herminio Díaz Navarro, Alvarez Nava* and *Domínguez* for respondents.

MR. JUSTICE ALDREY delivered the opinion of the court.

On June 6, 1911, Luisa Boudens filed a complaint in the District Court of Humacao, which she amended on the 12th of the same month, alleging that she is the owner of a property leased by her on June 21, 1906, to William Körber, who afterwards subleased it to the Yabucoa Sugar Company; that

shortly after the execution of the lease contract the defendants devoted the property to purposes not stipulated, by laying and constructing a permanent railroad track across the same, thus converting it into a servient tenement for the benefit of other properties, and giving to the railway from that instant a daily passage, which constitutes an easement the value of which she estimates at $20,000 for 10 years. The complaint closed with the prayer that an order be issued by the court rescinding the contracts of lease and sublease and adjudging the defendants to pay damages to her in the amount of $10,000.

As a result of this complaint and based thereon, an application was made by Luisa Boudens for a preliminary injunction to restrain defendants from running said railway through her property from and after the issuance of the order.

Of the action taken by the court below on the above-mentioned application, we learn from the writ issued to the marshal and signed by the judge, wherein it is stated that in view of the notice of the application which appears to have been served on the Yabucoa Sugar Company, and of the provisions of section 8 of "An act to define injunctions," approved March 8, 1906, the defendants were ordered to appear before the court on June 28, 1911, to show cause why the injunction requested should not be granted and prohibited from operating the said railway, such restriction and prohibition to last until further order of the court, the plaintiff being requested to furnish a bond in favor of defendants in the sum of $4,000.

A bond was furnished and on the 28th of the same month, which was the day appointed to show cause why the injunction requested should not be granted, the defendants appeared through their counsel and filed several motions, one of which was from Mr. Körber alleging that the injunction should be suspended because the bond had not been executed in the sum and in the manner provided by law; another from the Yabucoa Sugar Company declaring that the affidavit attached to the complaint and to the application for injunction was not valid; still another from the same corporation excepting to

the sufficiency of the sureties on the bond; and, lastly, one from the same corporation objecting to the form in which the bond had been drawn.

On June 28 the judge of the court below, after making a few remarks, decided as follows:

"The court, therefore, should and does declare that the bond furnished for this case by Temístocles Díaz and Natalio Mora is null and void and leaves without effect the restraining order to show cause issued on June 19, 1911, until the plaintiff shall have furnished two new bonds, one in favor of William Körber Garké and another in favor of the Yabucoa Sugar Company, each in the sum of $4,000, as provided by law; at the same time a new notice to be served of the restraining order to show cause, which shall be considered as having been amended in the decretal portion thereof with respect to the bond, conformably to this decision, with costs in favor of the defendants."

From this decision the present appeal has been taken by the plaintiff.

From the foregoing it can readily be seen that the order appealed from did nothing but declare null and void the bond that had been furnished, and leave without effect or in suspense the restraining order issued on June 19 last, until another bond should be furnished by the plaintiff in the amount and under the conditions mentioned in said order. The order of June 19 remained in suspense until the plaintiff should furnish a new bond, and the parties, therefore, were left in the same condition in which they were prior to the issuance of the restraining order the only scope of the order appealed from being to reject the bond that had been furnished and direct that another bond be furnished under certain conditions.

There is no provision in our Code of Civil Procedure allowing an appeal from a decision such as that rendered on June 28, which, as we have said, did nothing but cancel a bond; therefore, this court has no jurisdiction to decide this appeal.

Before closing this opinion we desire to state that the effect of a restraining order lasts only during the few days

which generally intervene between the day it is issued and that on which the court hears the reasons given by defendant why a preliminary or a perpetual injunction should or should not be granted, as the case may be. Such restraining orders, however, should be issued with great caution, and it does not, therefore, seem proper that they should be granted where the acts sought to be restrained or prohibited were being performed during a considerable time prior thereto.

The appeal should be dismissed.

*Appeal dismissed.*

Chief Justice Hernández and Justices MacLeary, Wolf and del Toro concurred.